IN THE UNITED STATES DISTRICT COURT FOIR THE DISTRICT OF MARYLAND
Greenbelt Division

**ZIVZO, LLC**
12400 Park Potomac Avenue
Suite 352
Potomac, Maryland 20854

and

**BENSON J. FISCHER**
12400 Park Potomac Avenue
Apartment 352
Potomac, Maryland 20854

    Plaintiffs

vs.

**DENNIS YU, individually and
d/b/a BLITZMETRICS**
1480 Paseo Verde Parkway
Unit 1303
Henderson, Nevada 89012

    Defendant

## COMPLAINT

Come now the Plaintiffs, Zivzo, LLC and Benson J. Fischer, by and through their attorney, Richard E. Schimel, Esq. of the Law Offices of Richard E Schimel, LLC, and sue the Defendants, Dennis Yu, individually and d/b/a Blitzmetrics, and as grounds therefore state as follows:

### The Parties

1. Zivzo, LLC is a limited liability company registered in the State of Maryland. It is a digital marketing advertising and video production agency providing services nationally. Its principal place of business is at 12400 Park Potomac Avenue, Suite 352, Potomac Maryland 20854.

2. Benson J. Fischer is a citizen of the State of Maryland. His home address is 12400 Park Potomac Avenue, Apartment 352, Potomac Maryland 20854.

3. Dennis Yu is a citizen of the State of Nevada.

4. Dennis Yu owns and operates a business trading as Blitzmetrics, with a business address of 1480 Paseo Verde Parkway, Unit 1303, Henderson, Nevada 89012. Blitzmetrics provides digital marketing and analytics for business enterprises to promote growth through search engine optimization ("SEO").

## Jurisdiction and Venue

5. This Court has federal jurisdiction over this litigation based upon complete diversity of citizenship between the parties pursuant to 28 U.S.C. §1332 and on the basis of a federal question arising under the United States Code pursuant to 28 U.S.C. §1331.

6. This Court has personal jurisdiction over the Defendant pursuant to the Maryland Long-Arm Statute, Md. Code, Courts & Jud. Proc. §6-103(b)(3).

7. Venue is appropriate for this action pursuant to 28 U.S.C. §1391(b)(2).

## General Allegations

8. Over the past 45 years, Benson J. Fischer has owned, designed, constructed, operated, and marketed over 50 restaurants in the Washington Metropolitan Area.

9. Benson J. Fischer has created food and beverage products and package designs that were manufactured and distributed throughout the United States.

10. In addition, Benson J. Fischer has an extensive background in commercial and residential real estate and has been a Real Estate Broker and Auctioneer for 45 years in Maryland, Pennsylvania, the District of Columbia, and Virginia.

11. Benson J. Fischer has had decades of experience acquiring and operating successful franchises in the restaurant and food industry in the Washington Metropolitan Area, including Yummy Yogurt and Papa John's Pizza.

12. Benson J. Fischer is the founder and President of ZivZo, LLC d/b/a ZivZo Marketing, Advertising & Video Production Agency (hereinafter "ZivZo").

13. ZivZo implements successful marketing and advertising programs that produce strong and sustainable market positions. ZivZo has a track record of delivering spectacular results and value for its clients.

14. On or about May 4, 2024, Hassan Tetteh, M.D. of Potomac, Maryland contacted Benson J. Fischer to request his advice concerning the purchase of three locations in Maryland for a franchise called Nautical Bowls.

15. The franchisor, Nautical Bowls Franchising, LLC, promoted healthy, fresh superfood bowls with an uplifting atmosphere. It represented that its bowls were gluten-free, dairy-free, plant-based, soy-free, and are made with organic, all-natural ingredients. It stated: "With the guidance of our experienced executive team, raving guest testimonials, low-cost startup plan, highly profitable business model, and exceptional marketing support, Nautical Bowls is an incredible ground floor opportunity!"

16. Dr. Tetteh was told by Nautical Bowls' CEO Peter Tauton, and other Nautical Bowls representatives that Nautical Bowls was an absentee owner business opportunity, along with promises of a fantastic financial reward. They also promoted a catering business and recommended that Dr. Tetteh purchase a delivery vehicle and have it wrapped with Nautical Bowls advertising. Dr. Tetteh purchased a delivery vehicle and had it wrapped for a total cost of approximately $90,000.

17. Benson J. Fischer researched Nautical Bowls and concluded that the 3 locations approved by Nautical Bowls for Dr. Tetteh were unsuitable sites for a Nautical Bowls operation.

He also advised Dr. Tetteh that this was not a practical investment in general and a horrible investment for a heart and lung transplant surgeon.

18. Benson J. Fischer then had several fruitless telephone conversations and e-mail exchanges with Peter Taunton to request a refund of the 3 pins purchased by Dr. Tetteh.

19. Shortly thereafter, Dr. Tetteh wanted to sell his pins to recoup his investment to anyone including operating Nautical Bowls franchisees. Peter Taunton advised that Dr. Tetteh was prohibited from selling his pins to any Nautical Bowls Franchisee or any potential Nautical Bowls franchisee.

20. Dr. Tetteh lost his entire investment in the pins and sold the delivery vehicle for a substantial loss.

21. While looking for buyers for Dr. Tetteh's pins, Benson J. Fischer had numerous phone calls from current and former Nautical Bowls franchisees.

22. Those conversations revealed Nautical Bowls' upper management's lack of restaurant experience, lack of restaurant franchising experience, low store sales, store closings, franchisee bankruptcies, general lack of corporate support, lack of advertising, franchisees' payment if inflated prices to Peter Taunton's family members for franchise products, along with false information they received prior and subsequent of entering into the Nautical Bowls franchise agreement.

23. Benson J. Fischer's investigation revealed what he believed to be substantial evidence of deliberate misrepresentations of fact and violations of Federal Trade Commission regulations that fraudulently induced over a dozen Nautical Bowls franchisees to invest substantial funds to purchase either Nautical Bowls franchises or options to purchase Nautical Bowls franchises ("pins").

24. Benson J. Fischer contacted his attorney, Richard E. Schimel, Esq. of the Law Offices of Richard E Schimel, LLC to offer legal services to Nautical Bowls franchisees that had been financially harmed by the misfeasance and nonfeasance of Nautical Bowls Franchising, LLC.

25. At this juncture, sixteen (16) franchises have entered into Legal Services Agreements with Richard E. Schimel, Esq. of the Law Offices of Richard E Schimel, LLC to pursue claims against Nautical Bowls Franchising, LLC.

26. The franchisees are currently in the process of scheduling mandatory mediation of their dispute with Nautical Bowls Franchising, LLC, a precondition to litigation specified in the Franchise Agreement signed by each franchisee.

27. Benson J. Fischer serves as a franchise consultant to assist counsel in the pursuit of these claims.

28. While providing said assistance, Benson J. Fischer sent a letter dated March 21, 2025 to Frank Reino, Esq., corporate counsel for Nautical Bowls Franchising, LLC by electronic mail entitled "FOR SETTLEMENT PURPOSES ONLY." The letter detailed the deficiencies of Nautical Bowls Franchising, LLC and requested settlement on behalf of franchisees that had retained the legal services of Richard E. Schimel.

29. On December 27, 2024, Dennis Yu of Blitzmetrics and Bryant Amundson, CEO of Nautical Bowls posted a You Tube video entitled "SEO and Content Strategy to Boost Local Traffic for Nautical Bowls Franchise":

https://www.youtube.com/watch?v=bF0G3jqg8TE&t=299s.

30. The video discussed strategies to optimize Nautical Bowls' digital presence to engage local audiences through website performance improvements, and Search Engine Optimization to enhance online visibility and drive traffic for franchise growth.

31. On March 29, 2025, Dennis Yu of Blitzmetrics published a lengthy article extolling the virtues of Nautical Bowls Franchising, LLC.

32. Nautical Bowls Franchising, LLC has advised counsel for the Nautical Bowls franchisees that it does not want Benson J. Fischer involved in the pending mandatory mediation process.

33. On April 22, 2025, Yu posted an article on the Internet entitled "Benson Fischer's ZivZo Marketing: A Forensic Digital Audit." A copy of that posting is attached hereto as **Exhibit #1.**

34. The posting includes a section entitled "Legal Parallels" with a subtitle "Digital Fraud Mirrors Court Findings." The sub-subtitle is "Due Diligence Findings on Benson Fischer" and then proceeds to describe "Legal Disputes and Litigation History" of Benson Fischer individually and other business enterprises besides ZivZo, LLC. The histories are distinctly similar to those disseminated by Bryan Amundson.

35. It also discusses "Financial Judgments and Bankruptcy" pertaining to Benson J. Fischer's Chapter 7 bankruptcy filing in 2003. The article fails to mention that all of those judgments were discharged in bankruptcy after the Bankruptcy Trustee collected $1,308,514. The December 13, 2011 Docket Entry in Case No. 279074V in the Circuit Court for Montgomery County reflects that this amount was paid to the Bankruptcy Trustee in satisfaction of a judgment entered against one of Benson J. Fischer's businesses.

36. The information provided therein is incomplete and deceptive and includes assumptions and conclusions that are both inaccurate and disparaging. For example, Dennis Yu interprets the fact that Benson J. Fischer has been involved in numerous businesses (over 50) in

the course of his entrepreneurship career as "suggesting a pattern of starting and exiting numerous businesses" and a "lack of enduring successes."

37. The posting also includes a section entitled "Reputation of ZivZo Marketing Fischer's Firm)" which acknowledges its perfect 5-star rating on Google, but then, without any basis for doing so, questions the validity of the rating. It concludes by stating: "In summary, ZivZo's outward reputation is positive yet mostly self-crafted…"

38. The posting also includes a section entitled "Social Media and Public Content" in which Dennis Yu cherry-picks events over the course of Mr. Fischer's lengthy career to conclude that "they underscore a pattern of combative and questionable behavior in high-stakes situations."

39. The posting ends as follows:

> **Final Warning:**
> Businesses partnering with ZivZo risk:
> > 1. Wasted marketing budgets
> > 2. Google penalties from spam tactics
> > 3. Potential legal entanglement

40. On May 8, 2025, soon after this posting, Benson J. Fischer contacted Dennis Yu on LinkedIn[1], stating:

> Dennis, You wrote a review about my ad agency, ZivZo and about me that is loaded with false information, opinions and assumptions that are damaging.
>
> We should talk sooner than later.
>
> Thanks,
> Benson Fischer
>
> Dennis Yu responded: "Hi Benson, which specific items are not true?"

---

[1] The complete LinkedIn exchange is attached hereto as **Exhibit #2.**

41. Mr. Fischer replied:

    First, ZivZo is a legitimate marketing agency with over 30 Google reviews. I believe there's one four star review in the balance is five star reviews.

    In your posting, you mentioned that we guarantee results, which in your opinion is a scam. In reality, we do guarantee results and we have it outlined in our contract. we have yet had to have a client asked for a refund.

    You tell the reader ZivZo is a fraud and a scam which is slanderous and actionable.

    We have clients nationally and some in Europe, South Africa and Asia.

    You call my business a fraud, and the outline of the legal matters that I dealt with over a 50 year period is far over blown and your legal opinion does not take factual circumstances into account.

    I've owned 60 businesses 50 of them restaurants most of the lawsuits are normal business matters that come up when operating a business let alone 60 of them. For each business I owned and operated there are hundreds of services and contracts related to each business. You make much of 50 lawsuits when in reality 50 lawsuits with 60 businesses over 50 years is a very small amount of lawsuit when you look at the magnitude of the operation of each business.

    One example of your inaccurate legal opinion is the statement about Mercedes-Benz. The car was a lemon. I had no alternative other than litigation after a year of getting the runaround from Mercedes-Benz. The sales manager at the dealership and the service manager all requested that Mercedes-Benz refund my money or replace the car. Mercedes-Benz refused… so what am I supposed to do when the sales manager and the service manager both agree the car is a lemon.

    I do not know you and I do not know what I did to irritate you to post such an ugly view of me and my businesses when you know very little about either. I have no idea why you're trying to destroy my business.

    How about this, let's avoid the heartburn and remove the post.

    I am happy to talk to you and go through my business career in great detail, and I know that your opinions will be changed when you learn

> the circumstances of the things that you arbitrarily determined incorrectly.
>
> My phone number is 301 801 5476.
>
> Ben

42. After some brief exchanges, Mr. Yu wrote:

    > You can engage lawyers if you want-- it will cost you a lot of money.
    >
    > Why are you attacking Nautical Bowls, by the way?

43. In response, Mr. Fischer explained:

    > Nautical Bowls- I provide restaurant consulting. One of our clients purchased 3 franchise territories from Nautical Bowls and asked me to help him determine if he should proceed.
    >
    > After a deep investigation into the franchise, I discovered that the franchise is failing. I spoke to at least 40 current and former franchisees, and all of them have either closed their stores, gone bankrupt, or are losing thousands of dollars every week.
    >
    > As a former franchisee, I was sickened by how Nautical Bowls induced so many people into buying their franchise by misrepresenting the financial information. and so many other things.
    >
    > Nautical Bowls is currently being sued by 3 different franchise groups. They settled disputes with 12 other franchisees last year.
    >
    > I saw how the franchisees are suffering and I got involved to help them. I found an attorney- 32 franchisees wanted to sue.
    >
    > Because many franchisees unknowingly signed waivers, the group has been reduced to 16 franchisees, including my client. I am helping all 16 try to salvage some of the money they lost.
    >
    > I have never seen a franchisor so underhanded that I also contacted the FTC because they oversee franchising. What they have done and continue to do is outrageous.
    >
    > I have spent the last year helping the franchisees, and I have nothing to gain ...Im [sic] only doing it to help these people who put their money and trust into a franchise that is (in my opinion) built to take advantage of anyone they can.

> Many articles have been written about all the litigation, and Fox News did a story on it and is doing a follow-up story as well. I am happy to send them to you if you want to see them.
>
> How do you know I am involved??
>
> Was my involvement the cause of your post on the internet?

44. Mr. Fischer specifically asked Mr. Yu: "How can we remove the post?"

45. Mr. Yu responded: "Then stop attacking Nautical Bowls. Simple."

46. Mr. Fischer then requested clarification: "So, as you put it, you and Natuical [*sic*] Bowls want me to stop attacking Natucial [*sic*] Bowls ...correct?"

47. Mr. Yu responded: "The same assurance that I'd have from you on not attacking Nautical Bowls."

48. Mr. Yu confirmed this *quid pro* quo in a subsequent posting: I've asked YOU to stop attacking Nautical Bowls."

49. In another LinkedIn message, Dennis Yu provided the following assessment: "Sounds like you're really dug in on smearing Nautical Bowls." He then warns Mr. Fischer that the "heat" on him, "which is currently 2 out of 100" could be turned up.

50. Mr. Fischer asked Mr. Yu to remove the post several times, including the following: "What can we do about your post about me & ZivZo?? It will kill my business."

51. Dennis Yu responded as follows:

> Well, if you really want to hammer Nautical Bowls, you've acknowledged the price you pay for that.
>
> Right now, the power level is 2 out of 100.
>
> Some people want to find out what 5/100 or 10/100 look like before they relent.

> In the last 30 years of doing this, I don't think anyone has gone past 20.

52. On May 14, 2025 at 3:50 p.m., Richard E. Schimel, attorney for Benson J. Fischer, sent an e-mail to Dennis Yu, proposing the following settlement terms:

    1. Take down all immediately, as represented previously, and agree never to post about Benson Fischer or Zivzo, LLC ever again.

    2. Benson Fischer and Zivzo, LLC will agree to release all possible civil claims against Dennis Yu, including but not limited to libel, trade libel and invasion of privacy (false light).

    3. Benson Fischer and Zivzo, LLC will agree to release all possible civil claims against Nautical Bowls Franchising, LLC or the Amundsons for any actions of Dennis Yu taken on behalf Nautical Bowls Franchising, LLC to coerce Benson Fischer to cease assisting Nautical Bowls franchisees pursue claims against Nautical Bowls Franchising (see attached photos).

    4. Benson Fischer and Zivzo, LLC will not seek criminal charges against Dennis Yu for extortion or any other criminal offense.

    5. The parties will sign a mutual non-disparagement agreement, with liquidated damages of $10,000 for each violation.

53. On May 14, 2025 at 4:56 p.m., Mr. Yu sent an e-mail to attorney Richard E. Schimel, stating: "Benson must take down and retract statements he made about myself, Blitzmetrix and *Nautical Bowls*." (emphasis added).

54. On May 14, 2025 at 5:38 p.m., Mr. Yu sent an e-mail to attorney Richard E. Schimel, stating: "My point is simply for Benson to cease and desist on all public and private negative statements about me or *Nautical Bowls*. And to retract the statement he made about wanting to bankrupt *Nautical Bowls*." (emphasis added).

55. On May 14, 2025 at 6:20 p.m., Richard E. Schimel, attorney for Benson J. Fischer, sent an e-mail to Dennis Yu, in which he noted, *inter alia*: "[Y]our postings about Mr. Fischer and

Zivzo, LLC contain some glaring errors and some critical omissions. Every day that goes by has the potential of causing ZivZo, Inc. to lose existing customers and to hinder future sales."

59. In a subsequent LinkedIn posting, Mr. Yu advised Mr. Fischer that he has several more postings "about to go up."

60. Mr. Yu advised Mr. Fischer: "I'm going after YOU, Benson. Simply because you threatened me."

61. Then Dennis Yu boasted: "I take down the loud and proud. I'm good at it and I enjoy it. **The more they fight, the harder they fall.**"

63. True to his word, Dennis Yu escalated the situation by purchasing the domain benson-fischer.com and then posting the Blitzmetrics exposé on that platform. See **https://benson-fischer.com**.[2]

64. In addition to demanding that Benson J. Fischer end his affiliation with dissatisfied Nautical Bowls franchisees as a condition to taking down his two landing pages concerning ZivZo, LLC, he has demanded a "full apology" from Benson J. Fischer and his attorney, Richard E. Schimel.

65. Despite being asked to clarify several times, Dennis Yu has never made it clear for what Benson Fischer or Richard E. Schimel should apologize.

## **COUNT 1 (Invasion of Privacy – False Light)**

68. The Plaintiffs hereby adopt and incorporate by reference the General Allegations set forth above as of fully set forth in this Count 1.

---

[2] On May 24, 2025, Dennis Yu psited an article on his Blitznetrics website entitled "Richard Schimnel Threatens Dennis Yu with Legal Action." in which he represented that he purchased the domain name richardschimel.com. As of the time of filing, nothing has been posted there. Should Mr. Schimel learn of any postings in the future that constitute an invasion of privacy or libel, then he will join this lawsuit as an additional Plaintiff.

69. In the ZivZo Marketing section of his posting, Defendant Yu makes much of the fact that ZivZo is not a member of the BBB and has no Trustpilot, UpCity or Yelp reviews, and that there is little verified feedback from real customers in the public domain.

70. Defendant Yu speculates that a lack of transparent client reviews "could be a weak point in the company's credibility," because it "becomes difficult to verify ZivZo's track record or customer satisfaction independently."

71. In so doing, Defendant Yu downplays ZivZo's 30 Google 5-star reviews, the most popular review platform in the world, stating: "one should approach that with caution a perfect five-star score across dozens of reviews is uncommon and without seeing the context of those reviews 1 can't judge their authenticity. There is no direct evidence of foul play, but companies have been known to curate or incentivize reviews."

72 . Defendant Yu also fails to mention that ZivZo's Google posting provides potential clients with a list of current and former clients complete with contact information to the customer company's CEO, owner or president.

73. The article posed by Defendant Yu includes the heading: "ZivZo Marketing: Digital Fraud Exposed." But no such fraud is ever detailed.

74. In the Financial Judgments section of his posting, Defendant Yu represents that the CEO of ZivZo, LLC, Benson J. Fischer has a "lack of enduring success."

75. Defendant Yu represents that Mr. Fischer's claim of "45+ years of marketing experience" is a "false claim."

76. This comment ignores the fact that Benson J. Fischer has owned and operated over fifty (50) successful businesses, including several Papa John's Pizza franchises and Yummy Yogurt.

77. Defendant Yu has posted and continues to post incomplete and deceptive information about Benson J. Fischer and ZivZo, LLC that places them in a false light that would be and has been deemed highly offensive or embarrassing to reasonable person.

78. Defendant Yu has posted and continues to post this information with reckless disregard for its offensiveness.

WHEREFORE, for the reasons stated above, Plaintiffs ZivZo, LLC and Benson J. Fischer pray for judgment against Defendant Dennis Yu, individually and d/b/a Blitzmetrics, Bryant Amundson and Nautical Bowls Franchising, LLC for compensatory damages of One Million Dollars ($1,000,000.00) plus the costs of this action.

## COUNT 2 (Defamation/Trade Libel and Personal Libel)

79. The Plaintiffs hereby adopt and incorporate by reference the General Allegations set forth above as of fully set forth in this Count 2.

80. Defendant Yu falsely posted that Benson J. Fischer has been involved in "50+ lawsuits as a plaintiff or defendant."

81. Defendant Yu falsely posted that Benson J. Fischer has over $1,000,000 in unpaid judgments in 2000-2003.

82. In the Legal Disputes section of his posting, Defendant Yu misrepresents Benson J. Fischer's public court records. With respect to the case of *Fischer v. Mercedes Benz*, Yu suggests that Fischer is a defendant in a breach of contract case. In fact, Fischer and his wife were ***Plaintiffs*** in a Maryland Lemon Law case which concluded with a favorable settlement.

83. These Internet postings are readily accessible to anyone with a computer and a search engine that searches "Benson Fischer" and is then directed to "https://benson-fischer.com."

84. The aforementioned false statements have caused serious injury to the business reputation of ZivZo, LLC and the personal reputation of Benson J. Fischer. Specifically, ZivZo, LLC has not been contacted by any potential clients since the Blitzmetrics posting.

85. None of these false statements were privileged information.

86. Defendant Yu's continued posting of these knowingly false statements has been done with actual malice.

WHEREFORE, for the reasons stated above, Plaintiffs ZivZo, LLC and Benson J. Fischer pray for judgment against Defendant Dennis Yu, individually and d/b/a Blitzmetrics, Bryant Amundson and Nautical Bowls Franchising, LLC for compensatory damages of One Million Dollars ($1,000,000.00) and punitive damages of Five Million Dollars ($5,000,000.00) plus the costs of this action.

## COUNT 3 (Intentional Interference with Business Relations)

87. The Plaintiffs hereby adopt and incorporate by reference the General Allegations set forth above as of fully set forth in this Count 3.

88. The posting of https://benson-fischer.com has significantly ZivZo, LLC's business relationships with potential customers.

89. Several potential ZivZo, LLC customers are believed to have read the Blitzmetrics posting and chosen not to do business with Benson J. Fischer or ZivZo, LLC.

90. As a direct and proximate result of that tortious interference, ZivZo, LLC has suffered financial harm.

91. Despite being advised of the devastating impact of this posting, the Defendants have continued to maintain the posting, as a means of extortion.

WHEREFORE, for the reasons stated, Plaintiff ZivZo, LLC pray for judgment against Defendant Dennis Yu, individually and d/b/a Blitzmetrics, Bryant Amundson and Nautical Bowls Franchising, LLC for compensatory damages of One Million Dollars ($1,000,000.00).

### COUNT 4 (Injunctive Relief)

92. The Plaintiffs hereby adopt and incorporate by reference the General Allegations set forth above as of fully set forth in this Count 4.

93. The Plaintiffs are substantially likely to prevail on the merits of the claims set forth in Counts 1 through 3.

94. In the absence of an order enjoining the Defendant from continuing to post the April 22, 2025 article on the Internet entitled "Benson Fischer's ZivZo Marketing: A Forensic Digital Audit," the Plaintiffs will suffer irreparable injury, to wit, the complete destruction of the economic viability of ZivZo, LLC.

95. In contrast, the harm to Defendant Dennis Yu, individually and d/b/a Blitzmetrics is minimal.

96. An injunction is in the public interest, in that it would remove false and misleading information from the Internet.

WHEREFORE, for the reasons stated, Plaintiffs ZivZo, LLC and Benson J. Fischer seek the following relief:

A. a Temporary Restraining Order effective immediately requiring Defendant Dennis Yu, individually and d/b/a Blitzmetrics to remove the April 22, 2025 article on the Internet entitled "Benson Fischer's ZivZo Marketing: A Forensic Digital Audit," from https://benson-fischer.com and any other Internet platform;

B. a Preliminary Injunction effective until the date of trial;

C a Permanent Injunction to preclude Dennis Yu from posting any information about Benson J. Fischer or ZivZo, LLC without express written consent.

**COUNT 5 (Anticybersquatting Consumer Protection Act – 15 U.S.C. § 1125(d))**

92. The Plaintiffs hereby adopt and incorporate by reference the General Allegations set forth above as of fully set forth in this Count 5.

93. The Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S. Code § 1125(d) was enacted in 1999 specifically to combat "cybersquatting," which is the bad-faith registration, trafficking in, or use of a domain name that is confusingly similar to, or dilutive of, a trademark or a personal name without that person's consent.

89. ACPA provides a cause of action for trademark owners. When evaluating "bad faith intent to profit" under the ACPA, courts can consider a number of factors, including the registrant's intent to "divert consumers from the mark owner's online location that could harm the goodwill represented by the mark, … with the intent to tarnish or disparage the mark."

94. As part of his effort to eliminate Benson J. Fischer's expert support for the claims of Nautical Bowls franchisees against Nautical Bowls Franchising, LLC, Defendant Yu purchased the website domain "bensonfischer.com" sometime around April of 2025.

95. Benson J. Fischer did not consent to Dennis Yu's purchase of the website domain "benson-fischer.com" or to the posting of https://blitzmetrics.com/benson-fischers-zivzo-marketing-a-forensic-digital-audit/.

96. The purchase and posting were for the sole bad faith purpose of attracting potential ZivZo, LLC customers performing due diligence of ZivZo and/or ZivZo's CEO, Benson J. Fischer, to then direct them to negative commentary about Benson J. Fischer's entrepreneurial career to disparage his reputation and to cause financial harm of ZivZo, LLC.

WHEREFORE, for the reasons stated, the Plaintiffs seek the following:

A.   mandatory injunctive relief, consisting of forfeiture or cancellation of the domain name or the transfer of the domain name to the Plaintiffs;

B.   attorney fees and costs.

## COUNT 6 (Cyberstalking)

97.   The Plaintiffs hereby adopt and incorporate by reference the General Allegations set forth above as of fully set forth in this Count 6.

98.   Cyberstalking is the act of using digital technology to harass or stalk someone online, often through social media, email, or other digital platforms.

99.   Mr. Yu has used his personal LinkedIn account to threaten Mr. Fischer.

100.   The Plaintiffs seek to enjoin Defendant Yu from using his personal LinkedIn account to harass Benson J. Fischer.

WHEREFORE, for the reasons stated, Plaintiff Benson J. Fischer seeks the following relief:

C.  a Temporary Restraining Order effective immediately;

D.  a Preliminary Injunction effective until the date of trial;

E.  a Permanent Injunction to preclude Dennis Yu from communicating with Benson J. Fischer by their respective LinkedIn accounts.

## ELECTION OF TRIAL BY JURY

The Plaintiff elects to have all claims for damages tried by a jury.

Respectfully submitted,

**LAW OFFICES OF
RICHARD E SCHIMEL, LLC**

*Richard E. Schimel*
Richard E. Schimel
USDC MD Bar #: 02843
401 N. Washington Street
Suite 500
Rockville, Maryland 20850
(240) 395-4400
rschimel@lawofficesres.com

*Attorney for Plaintiff*